## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PAUL PARSHALL, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) | CLASS ACTION |
| SUN BANCORP, INC., ANTHONY R. COSCIA, JEFFREY S. BROWN, SIDNEY R. BROWN, F. CLAY CREASEY, CPA, PETER GALETTO, JR., ELI KRAMER, JAMES B. LOCKHART, WILLIAM J. MARINO, THOMAS M. O'BRIEN, KEITH STOCK, GRACE C. TORRES, OCEANFIRST FINANCIAL CORPORATION, and MERCURY MERGER SUB CORP., | ) ) ) ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.     This action stems from a proposed transaction announced on June 30, 2017 (the "Proposed Transaction"), pursuant to which Sun Bancorp, Inc. ("Sun Bancorp" or the "Company") will be acquired by OceanFirst Financial Corp. ("Parent") and Mercury Merger Sub Corp. ("Merger Sub," and together with Parent, "OceanFirst").

2.     On June 30, 2017, Sun Bancorp's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with OceanFirst.  Pursuant to the terms of the Merger Agreement, stockholders of

Sun Bancorp will receive 0.7884 shares of OceanFirst common stock and $3.78 in cash for each share of Sun Bancorp they own.

3.     Defendants filed a Form S-4 Registration Statement (the "Registration Statement") filed with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4.     The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.     This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.     Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Sun Bancorp common stock.

9.     Defendant Sun Bancorp is a New Jersey corporation and maintains its principal

2

executive offices at 350 Fellowship Road, Suite 101, Mount Laurel, New Jersey 08054.  Sun Bancorp's common stock is traded on the NasdaqGS market under the ticker symbol "SNBC."

10.     Defendant Anthony R. Coscia ("Coscia") is Chairman of the Board of Sun Bancorp, and has served as a director since 2010.

11.     Defendant Jeffrey S. Brown ("J. Brown") has served as a director of Sun Bancorp since 1999.

12.     Defendant Sidney R. Brown ("S. Brown") has served as a director of Sun Bancorp since 1990.

13.     Defendant F. Clay Creasey, CPA ("Creasey") has served as a director of Sun Bancorp since 2014.

14.     Defendant Peter Galetto, Jr. ("Galetto") has served as a director of Sun Bancorp since 1990.

15.     Defendant Eli Kramer ("Kramer") has served as a director of Sun Bancorp since 2004.

16.     Defendant James B. Lockhart III ("Lockhart") has served as a director of Sun Bancorp since 2017.

17.     Defendant William J. Marino ("Marino") has served as a director of Sun Bancorp since 2010.

18.     Defendant Thomas M. O'Brien ("O'Brien") has served as a director of Sun Bancorp since 2014.

19.     Defendant Keith Stock ("Stock") has served as a director of Sun Bancorp since 2014.

20.     Defendant Grace C. Torres ("Torres") has served as a director of Sun Bancorp since 2015.

21.     The defendants identified in paragraphs 10 through 20 are collectively referred to herein as the "Individual Defendants."

22.     Defendant Parent is a bank holding company incorporated under the laws of the State of Delaware and is headquartered at 975 Hooper Avenue, Toms River, New Jersey, 08753 and the parent company of Merger Sub.

23.     Defendant Merger Sub is a wholly-owned subsidiary of Parent and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

24.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Sun Bancorp (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

25.     This action is properly maintainable as a class action.

26.     The Class is so numerous that joinder of all members is impracticable.  As of March 31, 2017, there were approximately 1,918,144 shares of Sun Bancorp common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

27.     Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

28.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class.

Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

29.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

30.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

<u>SUBSTANTIVE ALLEGATIONS</u>

***Background of the Company and the Proposed Transaction***

31.     Sun Bancorp is a $2.3 billion asset bank holding company headquartered in Mount Laurel, New Jersey.

32.     The Company's primary subsidiary is Sun National Bank, a community bank serving customers throughout New Jersey, and the metro New York region.

33.     Sun National Bank is an Equal Housing Lender and its deposits are insured up to the legal maximum by the FDIC.

34.     On June 30, 2017, the Individual Defendants caused the Company to enter into the Merger Agreement, pursuant to which the Company will be acquired by OceanFirst.

35.     The Individual Defendants have all but ensured that another entity will not emerge with a competing proposal by agreeing to a "no solicitation" provision in the Merger Agreement that prohibits the Individual Defendants from soliciting alternative proposals and severely

constrains their ability to communicate and negotiate with potential buyers who wish to submit or have submitted unsolicited alternative proposals.

36.     Further, the Company must promptly advise OceanFirst of any proposals or inquiries received from other parties.

37.     Moreover, the Merger Agreement contains a highly restrictive "fiduciary out" provision permitting the Board to withdraw its approval of the Proposed Transaction under extremely limited circumstances, and grants OceanFirst a "matching right" with respect to any "Superior Proposal" made to the Company.

38.     Further locking up control of the Company in favor of OceanFirst, the Merger Agreement provides for a "termination fee" of $17.045 million payable by the Company to OceanFirst if the Individual Defendants cause the Company to terminate the Merger Agreement.

39.     By agreeing to all of the deal protection devices, the Individual Defendants have locked up the Proposed Transaction and have precluded other bidders from making successful competing offers for the Company.

40.     Moreover, OceanFirst entered into voting and support agreements with Individual Defendants B. Brown and S. Brown, along with certain other members of the Brown family and certain of their affiliates, as well as WLR SBI AcquisitionCo, LLC and WL Ross & Co, LLC, pursuant to which they have agreed to vote their Company shares in favor of the Proposed Transaction.  Accordingly, such shares are already locked up in favor of the merger.

41.     The consideration to be provided to plaintiff and the Class in the Proposed Transaction appears inadequate.

42.     Among other things, the intrinsic value of the Company is materially in excess of the amount offered in the Proposed Transaction.

43.     Additionally, the merger consideration fails to adequately compensate the Company's stockholders for the significant synergies that will result from the merger.

44.     Accordingly, the Proposed Transaction will deny Class members their right to share proportionately and equitably in the true value of the Company's valuable and profitable business, and future growth in profits and earnings.

45.     Meanwhile, certain of the Company's officers and directors stand to receive significant benefits as a result of the Proposed Transaction.

46.     For example, two current members of the Sun Bancorp Board will be appointed to the boards of directors of OceanFirst and OceanFirst Bank following the close of the merger.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

47.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

48.     As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

49.     First, the Registration Statement omits material information regarding Sun Bancorp's financial projections, OceanFirst's financial projections, and the analyses performed by the Company's financial advisor, Sandler O'Neill & Partners, L.P. ("Sandler O'Neill").

50.     For example, the Registration Statement fails to disclose Sun Bancorp's financial projections.

51.     Similarly, the Registration Statement fails to disclose OceanFirst's financial projections.

52.     With respect to Sandler O'Neill's *Net Present Value Analyses*, the Registration

Statement fails to disclose:  (i) the earnings per share estimates for Sun Bancorp and OceanFirst; (ii) the estimated internal long-term earnings per share and dividend growth rates provided by Sun Bancorp and OceanFirst management; (iii) the terminal values of Sun Bancorp and OceanFirst; and (iv) the inputs and assumptions underlying the discount rates used by Sander O'Neill.

53.     With respect to Sandler O'Neill's *Pro Forma Merger Analysis*, the Registration Statement fails to disclose:  (i) the earnings per share estimates for Sun for the years ending December 31, 2017 through December 31, 2019; (ii) the estimated internal long-term earnings per share growth rate for the years thereafter as provided by Sun management; (iii) the earnings per share estimates for OceanFirst for the years ending December 31, 2017 and December 31, 2018; (iv) the estimated internal long-term earnings per share growth rate and estimated dividends per share for the years thereafter; (v) the assumptions relating to transaction expenses, purchase accounting adjustments, cost savings, and a core deposit intangible asset; (vi) the financial projections for Sun for the years ending December 31, 2017 through December 31, 2019; and (vii) the estimated long-term earnings per share growth rate for the years thereafter.

54.     With respect to Sandler O'Neill's *Sun Comparable Company Analysis*, the Registration Statement fails to disclose the individual multiples and financial metrics for the companies observed by Sandler O'Neill in the analysis.

55.     With respect to Sandler O'Neill's *OceanFirst Comparable Company Analysis*, the Registration Statement fails to disclose the individual multiples and financial metrics for the companies observed by Sandler O'Neill in the analysis.

56.     With respect to Sandler O'Neill's *Regional Precedent Transactions Analysis*, the Registration Statement fails to disclose the individual multiples and financial metrics for the transactions observed by Sandler O'Neill in the analysis.

57.     With respect to Sandler O'Neill's *Nationwide Precedent Transactions Analysis*, the Registration Statement fails to disclose the individual multiples and financial metrics for the transactions observed by Sandler O'Neill in the analysis.

58.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.  Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

59.     The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement:  (i) "Background of the Transactions"; (ii) "Sun's Reasons for the Transactions; Recommendation of the Sun Board"; and (iii) "Opinion of Sun's Financial Advisor."

60.     Second, the Registration Statement omits material information regarding potential conflicts of interest of the Company's officers and directors.

61.     Specifically, the Registration Statement fails to disclose the timing and nature of all communications regarding future employment and directorship of Sun Bancorp's officers and directors, including who participated in all such communications.

62.     Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders.  This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from

acting solely in the best interests of the Company's stockholders.

63.     The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement:  (i) "Background of the Transactions"; (ii) "Sun's Reasons for the Transactions; Recommendation of the Sun Board"; and (iii) "Interests of Sun's Directors and Executive Officers in the Transactions."

64.     Third, the Registration Statement omits material information with respect to potential conflicts of interest of Sandler O'Neill.

65.     Specifically, the Registration Statement fails to disclose the amount of compensation received by Sandler O'Neill for the past services it provided to OceanFirst and its affiliates.

66.     Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

67.     The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement:  (i) "Background of the Transactions"; (ii) "Sun's Reasons for the Transactions; Recommendation of the Sun Board"; and (iii) "Opinion of Sun's Financial Advisor."

68.     Fourth, the Registration Statement omits material information regarding the background of the Proposed Transaction.  The Company's stockholders are entitled to an accurate description of the "process" the directors used in coming to their decision to support the Proposed Transaction.

69.     For example, the Registration Statement fails to disclose the nature of "the absence of interest by other potential transaction parties based on [Sandler O'Neill's] past contacts with

. . . other industry participants," as discussed at the June 27, 2017 Sun Bancorp Board meeting. The "Background of the Transactions" section of the Registration Statement only provides information regarding a single-bidder process with OceanFirst – during which Sun Bancorp and Sandler O'Neill apparently failed to reach out to a single other potential bidder – and makes no reference to such other "contacts" with "industry participants."

70.     The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement:  (i) "Background of the Transactions"; and (ii) "Sun's Reasons for the Transactions; Recommendation of the Sun Board."

71.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to Sun Bancorp's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Sun Bancorp**

72.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

73.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Sun Bancorp is liable as the issuer of these statements.

74.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

75.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

76.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

77.     The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

78.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

79.     Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and OceanFirst

80.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

81.     The Individual Defendants and OceanFirst acted as controlling persons of Sun Bancorp within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of Sun Bancorp and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

82.     Each of the Individual Defendants and OceanFirst was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

83.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.    The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.    They were thus directly in the making of the Registration Statement.

84.     OceanFirst also had direct supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

85.     By virtue of the foregoing, the Individual Defendants and OceanFirst violated Section 20(a) of the 1934 Act.

86.     As set forth above, the Individual Defendants and OceanFirst had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.    By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.    As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: September 22, 2017

**OF COUNSEL:**

**RIGRODSKY & LONG, P.A.**
Brian D. Long
2 Righter Parkway, Suite 120
Wilmington, DE 19803
(302) 295-5310

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
(484) 324-6800

By:   */s/ Donald J. Enright*

Donald J. Enright
**LEVI & KORSINSKY, LLP**
1101 30th Street NW, Suite 115
Washington, DC 20007
Tel: (202) 524-4292
Fax: (202) 333-2121
Email: denright@zlk.com

*Attorneys for Plaintiff*